**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In Re: Karen Alease Fauntleroy aka Karen A. Fauntleroy

Case No. 18-30494 - KLP
Chapter 13

**********************************
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, Movant

vs.

Karen Alease Fauntleroy aka Karen A. Fauntleroy, Debtor
Stanley C. Fauntleroy, Non-Filing Co-Debtor
Suzanne E. Wade, Trustee
Respondent(s)

## CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY

This matter is scheduled to be heard before the court on **July 24, 2019**, on the Motion of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, Movant, by its attorney Dinh Ngo, Esq., for the relief from the automatic stay with respect to the property secured by the Deed of Trust dated February 6, 2003 and recorded amount the land records of County of County of Lancaster, Virginia, and which encumbers the property of the Debtors at 1632 Good Luck Rd, Kilmarnock, Virginia 22482, and more particularly described as follows:

Dinh Ngo, Esq.
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, #800
Laurel, MD 20707
VSB #85661
301.490.1196
Attorney for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

EXHIBIT A (PAGE 1)

THE PROPERTY HEREBY CONVEYED BEINIG MORE MINUTELY SHOWN AND DELINEATED ON A PLAT OF SURVEY THEREOF DATED APRIL 10, 1974, A COPY OF WHICH SAID PLAT IS HEREWITH ATTACHED AND BY THIS REFERENCE MADE A PART HEREOF.

AND BEING THE IDENTICATED PORTION OF LOT 3 WHICH WAS CONVEYED UNTO OREN O. CORBIN, SR. BY DEED DATED JANUARY 6, 1971, FROM SOPHRONIA CORBIN, WHICH SAID DEED IS OF RECORD IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF LANCASTER COUNTY, VIRGINIA. TAX MAP OR PARCEL ID NO.: [redacted]

THE LENDER CERTIFIES THIS TO BE A REFINANCE OF AN EXISTING LIEN WITH THE LENDER OR AN AFFILIATED COMPANY UNDER A COMMON PARENT COMPANY* RECORDED IN DEED BOOK 010001487, AT PAGE I UPON WHICH RECORDATION TAX HAS BEEN PAID; THE ORIGINAL DEBT ON SAID OBLIGATION IS $93,737.24. EXEMPTION FROM RECORDATION TAX IS CLAIMED UNDER SECTION 58.1-803(D) OF THE 1950 CODE OF VIRGINIA.

*HOUSEHOLD REALTY CORPORATION OF VIRGINIA AND BENEFICIAL MORTGAGE CO. OF VIRGINIA ARE AFFILIATED AND ARE UNDER A COMMON PARENT COMPANY.

Upon consideration of which, it is

**ORDERED**

1. The Debtor will resume making regular monthly installment payments in the amount of $1,142.83 as they become due commencing on August 11, 2019.

2. The Debtor shall cure the post-petition arrearage currently due to the Movant from February, 2019 through July, 2019 in the total amount of $6,754.95, which less a suspense balance of $1,133.03 and includes current bankruptcy legal fees and costs of $1,031.00 by making the following payments:

    a. $562.92 on or before August 15, 2019

    b. $562.92 on or before September 15, 2019

    c. $562.92 on or before October 15, 2019

    d. $562.91 on or before November 15, 2019

    e. $562.91 on or before December 15, 2019

    f. $562.91 on or before January 15, 2020

    g. $562.91 on or before February 15, 2020

    h. $562.91 on or before March 15, 2020

    i. $562.91 on or before April 15, 2020

    j. $562.91 on or before May 15, 2020

    k. $562.91 on or before June 15, 2020

    l. $562.91 on or before July 15, 2020

3. In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;

    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
c. The action necessary to cure the default, including any address to which payments must be mailed;
d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;
    i. Cure the default;
    ii. File an objection with the court stating that no default exists; or
    iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that is has complied with the terms of this order, and that the court may grant relief from the automatic stay without further notice to the debtor; and
f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for the issuance of a certificate of default and preparation of an order terminating the automatic stay.

DONE at **Richmond**, Virginia, Dated: Aug 6 2019

/s/ Keith L. Phillips
Judge, U.S. Bankruptcy Court
Eastern District of Virginia

SEEN AND CONSENTED TO: Entered on Docket: Aug 6 2019

/s/ Dinh Ngo, Esq.
Dinh Ngo, Esq.
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, #800
Laurel, MD 20707
VSB #85661
301.490.1196
*Attorney for Movant*

/s/ Amanda Erin DeBerry
Amanda Erin DeBerry
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, Virginia 23230-1588
*Attorney for Debtor*

(by Dinh Ngo, Esq. with permission from Amanda Erin DeBerry based on FAX/email)

X /s/ Dinh Ngo

/s/ Suzanne E. Wade
Suzanne E. Wade
P.O. Box 1780
Richmond, Virginia 23218
*Trustee*

(by Dinh Ngo, Esq. with permission from Suzanne E. Wade based on FAX/email)

X/s/ Dinh Ngo

Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/ Dinh Ngo, Esq.

Certification

The undersigned certifies that the foregoing Order Granting Relief from Stay is in substantial compliance to the form order required by the Administrative Order and that no modifications, additions, or deletions have been made.

                    /s/ Dinh Ngo, Esq.

**PARTIES TO RECEIVE COPIES**

Karen Alease Fauntleroy
aka Karen A. Fauntleroy
P O Box 592
Kilmarnock, Virginia 22482

Stanley C. Fauntleroy
1632 Good Luck Rd
Kilmarnock, Virginia 22482

Copies will be sent electronically via the CM/ECF system to Laura Taylor Alridge, Attorney for Debtor and Suzanne E. Wade, Trustee.